OPINION
{¶ 1} Defendant Erie Insurance Exchange appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of plaintiff Mechelle R. Pugh finding she is an insured under a policy of insurance issued by Erie to her employer, Bates Communication. Erie assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR AND IN DENYING ERIE'S SUMMARY JUDGMENT MOTION."
 {¶ 3} Erie asserts the trial court's judgment was inappropriate as a matter of law on the undisputed facts.
 {¶ 4} The trial court found the facts were not in dispute. On January 1, 1999, appellee Mechelle Pugh was involved in an accident while a passenger in a car driven and owned by one Scott Sobatt. At the time of the accident, Sobatt had an automobile liability insurance policy with limits of $100,000 per person. Sobatt's insurance carrier paid the limits to appellee, and appellee then sought underinsured motorists coverage through her employer's general liability insurance policy.
 {¶ 5} House Bill 261, which modifies R.C. 3937.18, was effective September 3, 1997. Appellee's employer, Bates Communication, purchased the Erie Ultrapack policy on October 10, 1997, after the effective date of the amended statute.
 {¶ 6} R.C. 3937.18 as it was in effect on the date of the accident, provided that an automobile liability or motor vehicle liability policy of insurance means any policy of insurance that serves as proof of financial responsibility, as proof of financial responsibility is defined in the Revised Code, for owners or operators of the motor vehicles specifically listed in the policy of insurance, or any umbrella liability policy. The trial court found Erie would have been required to offer underinsured motorists coverage to appellee if its Ultrapack policy served as proof of financial responsibility for owners or operators of motor vehicles specifically listed in the policy of insurance, or if the Ultrapack policy was an umbrella liability policy.
 {¶ 7} The Ultrapack policy insured persons operating mobile equipment registered in the insured's name. The trial court concluded the policy is an automobile liability or motor vehicle liability policy.
 {¶ 8} The Ultrapack policy defines "mobile equipment" as bulldozers, farm machinery, forklifts and vehicles designed for off road use; vehicles used solely on or next to premises you own or rent; power cranes, shovels, loaders, diggers and drills; road construction or resurfacing equipment; air compressors, pumps, and generators; cherry pickers. The policy provides automobiles and certain other equipment, such as vehicles used for snow removal are not considered mobile equipment.
 {¶ 9} The definition section of Erie's Ultrapack policy provided that an "insured" included the company's employees while in the course of their employment.
 {¶ 10} The issue of whether to enforce language restricting employees to coverage only within the scope of their employment has been a source of confusion and conflicting opinions in this district and in others. The seminal case which gives rise to the controversies and confusions is the Supreme Court's decision in Scott-Pontzer v. LibertyMutual Fire Insurance Company, 85 Ohio St.3d 660, 1999-Ohio-1116,710 N.E.2d 292. In Scott-Pontzer, the Supreme Court noted the starting point of all analysis must be whether or not the employee is insured under the employer's policy. If we conclude the employee is not, the analysis ceases.
 {¶ 11} We find the restriction that employees are covered only while acting within the scope of their employment is sufficient to destroy the ambiguity found in the Scott-Pontzer case, and is enforceable. We find appellee was not an insured under the policy for the injury she suffered.
 {¶ 12} Erie also argues its Ultrapack policy was not an automobile liability or motor vehicle liability policy as defined under R.C. 3937.18. The trial court found the generic coverage for mobile equipment brought the policy within purview of the statute, even though the policy had no scheduled list of covered vehicles, and specifically excluded vehicle liability coverage.
 {¶ 13} In Pickett v. Ohio Farmers Insurance Company
2002-Ohio-259, Stark Appellate No. 2001CA00227, and 2001CA00236, this court reviewed a policy which provided limited coverage for mobile equipment. This court found policies pre-dating H.B. 261 were distinguishable from those purchased after H.B. 261 amended the statute. We found in Pickett, the policy only provided incidental coverage for a narrow class of mobile equipment, which were in Pickett, mobile homes. We found the general liability policy in Pickett was not an automobile liability or motor vehicle liability policy of insurance.
 {¶ 14} We find the policy in question here, is similar to the one examined in Pickett. The policy before us has no listing of specifically identified vehicles, and we concludes it is not a motor vehicle or automobile liability policy. For this reason, we conclude appellant Erie did not have offer UM/UIM insurance coverage to appellee, and the coverage does not arise by operation of law.
 {¶ 15} The assignment of error is sustained.
 {¶ 16} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and final judgment is entered in favor of appellant Erie Insurance Exchange.
By Gwin, P.J., Farmer, J., and Boggins, J., concur.
topic: Underinsured motorist coverage